COUNT W. WEEKS, Respondent, *v.* E. HALLOWAY COE, as Executor of the Estate of E. FRANK COE, Deceased, Appellant.

*Additional allowance in an action against executors on a claim against their decedent's estate — certificate of a referee that the case was difficult — presumption on appeal that the claim had been unreasonably resisted.*

Where a referee to whom an action against an executor has been referred, reports in favor of the plaintiff, with costs, and certifies that in his opinion the case is a difficult and extraordinary one within the meaning of section 3253 of the Code of Civil Procedure, and that the plaintiff is entitled to an additional allowance and upon the application for the additional allowance at Special Term the defendant does not raise the objection that the referee made no certificate

under section 1836 of the Code of Civil Procedure, to the effect that payment of the claim had been unreasonably resisted or neglected by the executor, such an objection cannot be raised upon an appeal from the order granting the extra allowance, but it will be assumed, in support of the order, that the referee granted the necessary certificate.

APPEAL by the defendant, E. Halloway Coe, as executor of the estate of E. Frank Coe, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of August, 1902, granting the plaintiff an extra allowance.

*Frank L. Crocker* and *Henry D. Hotchkiss,* for the appellant.

*H. M. Whitehead,* for the respondent.

GOODRICH, P. J.:

This is an appeal from an order granting five per cent allowance on the amount of plaintiff's recovery in an action against an executor. The appellant claims that the order should be reversed, because there was no certificate of the referee under section 1836 of the Code of Civil Procedure that the claim was presented to the executor and payment unreasonably resisted or neglected.

It appears by the moving affidavits that the claim was presented to the executor and rejected, and an offer to refer was accepted. A judgment was entered on the report of the referee; an order for a new trial was entered and such order reversed by this court, and a new order of reference was made to Mr. Odell. He reported in favor of the plaintiff, with costs. He also certified that in his opinion the case was a difficult and extraordinary one within section 3253 of the Code of Civil Procedure, and that the plaintiff was entitled to an additional allowance.

As the referee gave judgment for the claim, with costs, we cannot presume that he gave costs without complying with the provisions of section 1836 of the Code of Civil Procedure as to a certificate. Then we must assume that he gave the required certificate of unreasonable resistance or neglect.

The defendant presented no affidavits in opposition to the motion and did not allege that there was no certificate under section 1836. Hence it does not appear that any such objection was made at Special Term and it cannot now be raised on appeal.

The allowance authorized by section 3253 is additional to the costs, and it not appearing that the costs were improperly allowed by the referee, it was within the discretion of the court at Special Term to grant the additional allowance, and, in our opinion, the the order was properly made.

The order should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.